<u>NOT FOR PUBLICATION</u>                                    (Docket Entry No. 21)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

```
_____
                               :
OKECHUKWU MUMMEE AMADI,        :
                               :
            Plaintiff,         :   Civil No. 04-2712 (RBK)
                               :
      v.                       :   OPINION
                               :
FCI FORT DIX HEALTH SERVICES,  :
et al.,                        :
                               :
            Defendants.        :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the court on motion by pro se Plaintiff Okechukwu Mummee Amadi ("Plaintiff") under Federal Rule of Civil Procedure ("Rule") 55(a) for a default judgment against Defendants FCI-Fort Dix Health Services, et al. ("Defendants"), for failure to timely answer the complaint. For the reasons set forth below, Plaintiff's motion will be denied and Plaintiff will be ordered to properly effectuate service on the United States pursuant to Rule 4(i).

**I.   Background**

Plaintiff, an inmate at FCI-Fort Dix, alleges permanent damage to his eye resulting from improperly administered medication in March 1997. Plaintiff first experienced eye irritation while working as a cleaner and general worker in

"Unicor Textiles Industries" at FCI-Fort Dix. The factory manager, Mrs. Robinson, sent him to Health Services to see an eye doctor. The doctor diagnosed Plaintiff with an eye infection and prescribed eye drops. Plaintiff applied the drops and found that his infection was improving.

On March 30, 1997, Plaintiff returned to Health Services to obtain a refill of his eye drop prescription. The physicians assistant on duty that night, identified as "Mrs. N. Lorenzo," gave Plaintiff "carbamoxide" ear drops instead of eye drops. Because the prescription label with Plaintiff's name covered the identifying label on the bottle of drops, Plaintiff did not realize the mistake. Plaintiff applied the ear drops to his left eye and felt an immediate "severe burning pain" inside his eye. (Pl. Compl. at 2.) Plaintiff went to the Unit Officer, "A. Maniscalo," who sent him to the hospital to treat his eye.

Plaintiff claims a "severe permanent injury to [his] left eye" resulting from this incident. (Pl. Compl. at 3.) He further alleges that he has consulted several eye doctors who have been unable to correct his injury. Plaintiff filed a complaint on July 19, 2004, against FCI Fort Dix Health Services and a number of federal officers and employees, including Health Service Administrator T. Catlett-Ramos, Warden Art Beeler, Dr. Valenzuela, M.D., MLP Supervisory Physician Assistant Luisa Basile, Associate Warden Darlene Alexander, Augustine Fel,

Physician Assistant N. Lorenzo, and Officer A. Maniscalco.

Because Plaintiff is litigating from prison, this Court ordered the United States Marshal Service to serve summons on Defendants. Plaintiff certifies that service has been properly effectuated on FCI Fort Dix Health Services, Warden Art Beeler, Assistant Executive Catllet-Ramos, Louisa Basile, and Darlene Alexander. Several other summons returned unexecuted. It appears that Plaintiff did not request service upon either the U.S. Attorney for the District of New Jersey or the Attorney General of the United States.

On July 29, 2005, Plaintiff moved for a default judgment for Defendants' failure to answer the complaint. In response, Defendants made a limited appearance to contest personal and subject matter jurisdiction on the basis that Plaintiff has not properly served the U.S. Attorney and the Attorney General.

**II.   Analysis**

**A.   Default Judgment**

A court cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996) (holding that district court lacks jurisdiction over defendant until service is properly effectuated, even where Defendants have notice of suit). Suits against agencies, officers, and employees of the United States,

3

including federal prisons and officials, are governed by Rule 4(i)(2), which requires the plaintiff to serve a summons on the United States as well as individual defendants.

Service on the United States is effectuated pursuant to Rule 4(i)(1), requiring delivery of "a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . and . . . to the Attorney General of the United States." Fed. R. Civ. P. 4(i); Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980). Consequently, because Plaintiff is suing employees of a federal prison, service is incomplete until he properly serves both the U.S. Attorney and the Attorney General.

Where Defendants have not waived service, Rule 12(a)(1)(A) requires Defendants to serve an answer "within 20 days after being served with the summons and complaint." Plaintiff argues that Defendant's failure to respond to the complaint entitles him to a default judgment. However, because Plaintiff has not yet served the United States in conformity with Rule 4(i)(1), service is incomplete and the twenty day period has yet to commence. Accordingly, Plaintiff is not entitled to a default judgment. See e.g., Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) (holding that default judgment was improperly entered, in part "because there is no evidence that the complaint was properly served"); U.S. v. One Toshiba Color Television, 213

4

F.3d 147, 156 (3d Cir. 2000) (citing <u>Gold Kist</u> for the proposition that "[the Third Circuit has] held that the entry of a default judgment without proper service of a complaint renders that judgment void"); <u>Williamson v. Sena</u>, 229 F.R.D. 663, 668 (D.N.M. 2005) (denying motion for default on basis that United States was not properly served).

**B. Dismissal for Insufficient Service**

Rule 4(m) instructs courts to dismiss suits where "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m); <u>Abdel-Latif v. Wells Fargo Guard Services, Inc.</u>, 122 F.R.D. 169, 171 (D.N.J. 1988). However, "the district court may, in its discretion, extend time even absent a finding of good cause," <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1305 (3d Cir. 1995), particularly where the prejudice to Defendant for lack of timely service is minimal, <u>MCI Telecomm. Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1097 (3d Cir. 1995) (citation omitted).

As Courts have noted,"[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." <u>Moore v. Agency for Intern. Dev.</u>, 994 F.2d 874, 876 (D.C. Cir. 1993). Furthermore, "Rule 4(i) is a lengthy and complicated rule [and] . . . it is understandable that a pro se litigant might fail to fulfill all

5

of Rule 4(i)'s requirements." <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1205 (10th Cir. 2003). Consequently, this Court will not now act to dismiss Plaintiff's complaint.

Accordingly, Plaintiff's motion for a default judgment will be denied for failure to serve the United States. Plaintiff will be instructed to properly serve Defendants on or before February 13, 2006.

The accompanying Order shall enter today.


Dated: 12-22-05                           s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge