**NOT FOR PUBLICATION**

```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                           CAMDEN VICINAGE
```

```
_____
                              :
OKECHUKWU AMADI,              :
                              :
              Plaintiff,      :    Civil No. 04-2712 (RBK)
                              :
         v.                   :
                              :
FCI FORT DIX HEALTH SERVICES, :
et al.,                       :
                              :
              Defendants.     :
_____:
```

**O P I N I O N**

**Kugler**, United States District Judge:

Pro se Plaintiff Okechukwu Mummee Amadi, a federal inmate, seeks compensatory damages from Defendants FCI Fort Dix Health Services, Warden Art Beeler, T. Catlett Ramos, Luisa Basile and Associate Warden Darlene Alexander for damage he sustained to his left eye as a result of receiving improper medication while incarcerated. Defendants allege that this Court lacks jurisdiction over the named individual defendants because Plaintiff failed to properly serve them. With regard to FCI Fort Dix Health Services, Defendants allege that Plaintiff failed to state a claim upon which relief can be granted, and that this

1

Court lacks subject matter jurisdiction over Plaintiff's tort claim because the government has not waived sovereign immunity. For the reasons stated below, this Court grants Defendants' motion to dismiss with regard to FCI Fort Dix.  The Court denies without prejudice Defendants' motion to dismiss with regard to the named individual defendants.

**I.   BACKGROUND**

Plaintiff Okechukwu Mummee Amadi ("Plaintiff"), a former inmate at FCI Fort Dix who was subsequently transferred to a federal detention center in Louisiana, alleges permanent damage to his left eye resulting from improperly administered medication in March 1997. Plaintiff first experienced eye irritation while working at Unicor Textiles Industries at FCI Fort Dix. The factory manager sent him to Health Services to see an eye doctor. The doctor diagnosed Plaintiff with an eye infection and prescribed eye drops. Plaintiff applied the drops and found that his infection improved.

On March 30, 1997, Plaintiff returned to Health Services to obtain a refill of his eye drop prescription. The physicians assistant on duty gave Plaintiff "carbamoxide" ear drops instead of eye drops. Because the prescription label with Plaintiff's name covered the identifying label on the bottle of drops, Plaintiff did not realize the mistake. Plaintiff applied the ear drops to his left eye and felt an immediate "severe

burning pain" inside his eye. (Pl. Compl. at 2.) Plaintiff went to the Unit Officer who sent him to the hospital to treat his eye.

Plaintiff claims a "severe permanent injury to [his] left eye" resulting from this incident. (Pl. Compl. at 3.) He further alleges that he consulted several eye doctors who were unable to correct his injury. Plaintiff filed a complaint on July 19, 2004, against FCI Fort Dix Health Services and a number of federal officers and employees, including Health Service Administrator T. Catlett-Ramos, Warden Art Beeler, MLP Supervisory Physician Assistant Luisa Basile, and Associate Warden Darlene Alexander. Plaintiff did not submit an application to proceed in forma pauperis ("IFP"). For reasons that are unclear, on July 22, 2004, this Court ordered the United States Marshal Service to serve summons and copies of the Complaint on Defendants.

On April 6, 2006, the individually named defendants made a limited appearance to move for dismissal based on a lack of personal jurisdiction, alleging that Plaintiff failed to serve them properly. Defendant FCI Fort Dix Health Services also moved to dismiss Plaintiff's Complaint, alleging that Plaintiff failed to state a claim upon which relief can be granted.

**II.  ANALYSIS**

    A.  Individually Named Defendants

3

The individually named defendants in this action move to dismiss based on lack of personal jurisdiction, alleging that Plaintiff failed to serve them properly.  Specifically, these defendants allege that Plaintiff served them only in their official capacity, and not in their individual capacity, as required by Federal Rule of Civil Procedure 4(i)(2)(B).  The Court declines to reach this issue, as it appears that this Court improperly ordered the U.S. Marshal Service to serve the defendants in the first instance.

> Federal Rule of Civil Procedure 4(c)(2) provides that
>
> Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 . . . .

Fed. R. Civ. P. 4(c)(2).

In this case, Plaintiff is not proceeding IFP.  The docket explicitly notes that Plaintiff did not file an IFP application when he filed the complaint.  Moreover, Plaintiff paid the $150 filing fee in full on July 19, 2004, which is further indication that Plaintiff did not intend to proceed IFP.  Because Plaintiff is not IFP, this Court's July 19, 2004 Order which ordered the U.S. Marshals to serve Defendants in this action was improper.

Plaintiff cannot be held accountable for defective service at this stage of the litigation.  Where the U.S. Marshal Service is ordered to serve on behalf of a plaintiff proceeding IFP, the plaintiff "should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal . . . failed to perform their duties."  Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) (quoting Puett v. Blandford, 895 F.2d 630, 635 (9th Cir. 1990)).  Although the Order that compelled the U.S. Marshals to serve on Plaintiff's behalf was improper, Plaintiff reasonably relied on that Order, and he should not be penalized for the Marshal's failure to effect proper service.  See, e.g., Thomas v. Fetzko, 138 F. App'x 405, *1 (3d Cir. 2005) (holding that where it is unclear from the record whether a plaintiff was proceeding IFP it was an abuse of discretion for the district court to dismiss the action for failure to serve the complaints without first clarifying plaintiff's fee status).

This Court's July 22, 2004 Order which compelled the U.S. Marshals to serve on Plaintiff's behalf should be vacated, and the Plaintiff should receive the full 120 days to effect service on his own.  See Fed R. Civ. P. 4(m).  Accordingly, the motion to dismiss Plaintiff's Complaint for failure to serve the individually named defendants is denied

without prejudice.

    B.   FCI Fort Dix Health Services

      1.   Bivens

Plaintiff's Complaint alleges that Defendant FCI Fort Dix Health Services violated Plaintiff's constitutional rights when Plaintiff received the improper eye medication, presumably under the Eighth Amendment. Plaintiff alleges that he is entitled to relief under 42 U.S.C. § 1983. However, "liability under § 1983 will not attach for actions taken under federal law." Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001). Plaintiff suffered this injury while incarcerated in a federal prison, and FCI Fort Dix Health Services is a federal agency. Therefore, this Court assumes that Plaintiff meant to assert a Bivens claim against FCI Fort Dix Health Services, because Bivens is the federal equivalent of a § 1983 action. Id.

In F.D.I.C. v. Meyer, the United States Supreme Court held that there is no "Bivens-type cause of action" available against a federal agency. 510 U.S. 471, 483-84 (1994). The Court stated that the purpose of the Bivens action was to enable plaintiffs to reach federal agents because "a direct action against the government [itself] was not available" due to sovereign immunity. Id. at 485.

Like the plaintiff in Meyer, Plaintiff in this case

sues FCI Fort Dix Health Services, a federal agency, for redress of a constitutional violation.  However, <u>Bivens</u> actions may only be maintained against federal agents.  Therefore, Plaintiff's claims under <u>Bivens</u> against FCI Fort Dix Health Services must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 2.   Federal Tort Claims Act

Plaintiff does not allege in his Complaint that his action is authorized by the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., ("FTCA"). However, his Complaint could be construed as asserting a claim against the federal government for the "negligent or wrongful act or omission of an[] employee of the agency while acting within the scope of his . . . employment, under circumstances where the United States, if a private person, would be liable to the claimant."  28 U.S.C. § 2672.  Because Plaintiff proceeds pro se, this Court must liberally construe his Complaint, <u>Micklus v. Carlson</u>, 632 F.2d 227, 236 (3d Cir. 1980), and as such, this Court assumes Plaintiff asserts a claim under the FTCA.

The FTCA requires plaintiffs to first present their "claim to the appropriate federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a); <u>see</u> <u>also</u> <u>Deutsch v. U.S.</u>, 67 F.3d 1080, 1091 (3d Cir. 1995).

For a claim to be "properly presented to the federal agency," the damages claim must be submitted in writing with a claim for sum certain. 28 C.F.R. § 14.2(a). Moreover, the plaintiff must present the claim within two years of the claim's accrual. <u>Deutsch</u>, 67 F.3d at 1091. These requirements are "jurisdictional prerequisites" to a suit under the FTCA. <u>Id.</u> The burden to demonstrate these prerequisites falls on a plaintiff in an FTCA action. <u>In re Orthopedic Bone Screw Product Liability Litigation</u>, 264 F.3d 344, 361-62 (3d Cir. 2001). If a plaintiff fails to meet this burden, the plaintiff likewise fails to demonstrate that the government waived sovereign immunity, and therefore, this Court would lack jurisdiction. <u>Id.</u>

Although Plaintiff in this case pursued the administrative remedy procedure, required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997(e), this procedure is insufficient for the purposes of the FTCA. <u>Compare</u> 28 C.F.R. § 542.10 et seq., <u>with</u> 28 C.F.R. § 543.30 et seq.; <u>see also</u> <u>Lambert v. U.S.</u>, Nos. 04-00122-CV-OC-10-GRJ, 04-00134-CV-OC, 2006 WL 2468533, at *4 (11th Cir. Aug. 28, 2006) ("[T]here are separate procedures for exhausting tort claims and claims involving the conditions of confinement."). Plaintiff produced no evidence to demonstrate that he submitted notice of a tort claim to the Bureau of Prisons. As a result,

Plaintiff failed to adequately demonstrate that the federal government waived sovereign immunity, and this Court lacks jurisdiction to hear Plaintiff's claim under the FTCA.

Accordingly, Defendants' motion to dismiss based on lack of subject matter jurisdiction over the FTCA claim should be granted.

**III.     CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss with regard to FCI Fort Dix Health Services.  The Court denies without prejudice Defendants' motion to dismiss with regard to the individually named defendants, and orders Plaintiff to comply with Rule 4 and to serve the individual defendants.

Dated:<u>11/14/2006</u>            <u>s/Robert B. Kugler</u>
                                 ROBERT B. KUGLER
                                 United States District Judge