**NOT FOR PUBLICATION**                           (Docket No. 44)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____  :
                             :
OKECHUKWU AMADI,             :
                             :
            Plaintiff,       :   Civil No. 04-2712 (RBK)
                             :
      v.                     :
                             :
FCI FORT DIX HEALTH SERVICES,:
et al.,                      :
                             :
            Defendants.      :
_____  :

### O P I N I O N

**Kugler**, United States District Judge:

Pro se Plaintiff Okechukwu Mummee Amadi, a federal inmate, seeks compensatory damages from Defendants FCI Fort Dix Health Services,[1] Warden Art Beeler, T. Catlett Ramos, Luisa Basile and Associate Warden Darlene Alexander for damage he sustained to his left eye as a result of receiving improper medication while incarcerated.  Defendants allege that this Court lacks jurisdiction over the named individual defendants because Plaintiff failed to properly serve them.  For the reasons stated below, this Court grants Defendants' motion to dismiss pursuant

---

[1] The Court dismissed the claims against FCI Fort Dix Health Services in an Order dated November 14, 2006.

1

to Federal Rule of Civil Procedure 12(b)(2).

**I.   BACKGROUND**

Plaintiff Okechukwu Mummee Amadi ("Plaintiff"), a former inmate at FCI Fort Dix who was subsequently transferred to a federal detention center in Louisiana, alleges permanent damage to his left eye resulting from improperly administered medication in March 1997. Plaintiff first experienced eye irritation while working at Unicor Textiles Industries at FCI Fort Dix. The factory manager sent him to Health Services to see an eye doctor. The doctor diagnosed Plaintiff with an eye infection and prescribed eye drops. Plaintiff applied the drops and found that his infection improved.

On March 30, 1997, Plaintiff returned to Health Services to obtain a refill of his eye drop prescription. The physicians assistant on duty gave Plaintiff "carbamoxide" ear drops instead of eye drops. Because the prescription label with Plaintiff's name covered the identifying label on the bottle of drops, Plaintiff did not realize the mistake. Plaintiff applied the ear drops to his left eye and felt an immediate "severe burning pain" inside his eye. (Pl. Compl. at 2.) Plaintiff went to the Unit Officer who sent him to the hospital to treat his eye.

Plaintiff claims a "severe permanent injury to [his] left eye" resulting from this incident. (Pl. Compl. at 3.) He

further alleges that he consulted several eye doctors who were unable to correct his injury. Plaintiff filed a complaint on July 19, 2004, against FCI Fort Dix Health Services and a number of federal officers and employees, including Health Service Administrator T. Catlett-Ramos, Warden Art Beeler, MLP Supervisory Physician Assistant Luisa Basile, and Associate Warden Darlene Alexander.  Plaintiff did not submit an application to proceed in forma pauperis ("IFP").  For reasons that are unclear, on July 22, 2004, this Court ordered the United States Marshal Service to serve summons and copies of the Complaint on Defendants.

On April 6, 2006, the individually named defendants made a limited appearance to move for dismissal based on a lack of personal jurisdiction, alleging that Plaintiff failed to serve them properly. The Court denied this motion without prejudice because Plaintiff relied on this Court's Order to the United States Marshal Service to effect personal service.  However, that Order was improper because Plaintiff was not proceeding IFP. The Court gave Plaintiff 120 days to effect service on his own.

On June 11, 2007, the individually named defendants again moved to dismiss Plaintiff's complaint for failure to effect personal service.  Plaintiff opposes this motion.

**II.  ANALYSIS**

The individually named defendants in this action move

3

to dismiss based on lack of personal jurisdiction, alleging that Plaintiff failed to serve them properly. Specifically, these defendants allege that Plaintiff served them only in their official capacity, and not in their individual capacity, as required by Federal Rule of Civil Procedure 4(i)(2)(B).

Federal Rule of Civil Procedure 4(i)(2)(B) provides that service upon

> an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States . . . is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i)(2)(B). Importantly, Rules 4(e), (f), and (g) do not permit service by certified mail.

Rule 4(i)(1) provides that

> [s]ervice upon the United States shall be effected . . . by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and . . . by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

Fed. R. Civ. P. 4(i)(1).

If proper service is not made within 120 days of filing the complaint, or in this case, in accordance with the Court's Order of November 14, 2006, the action is subject to dismissal, without prejudice, or the court may "direct that service be

effected within a specified time . . . ." Fed. R. Civ. P. 4(m).

Before dismissing a suit for insufficient service of process, the court should first "determine whether good cause exists for an extension of time." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (holding that "good cause" is the same standard as "excusable neglect" under Rule 6(b)(2)) (citing Petrucelli, 46 F.3d at 1312). "The burden of establishing excusable neglect is upon the appellant, even one proceeding pro se." Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (citations omitted)).

A pro se litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) ("To hold that a pro se litigant's ignorance of [the Rules] excuses his compliance with the [Rules] would automatically excuse his failure to serve his defendants timely."); Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir. 1987) ("To hold that complete ignorance of Rule 4 . . . constitutes good cause for untimely service would allow the good cause exception

to swallow the Rule.").

        Plaintiff's failure to properly effect service is unreasonable under the circumstances. Plaintiff commenced this suit on June 7, 2004. In its November 14, 2006 Order, this Court granted an additional 120 days for Plaintiff to effect service on the individual defendants. Moreover, Defendants' repeated submissions to this Court, of which Plaintiff received copies, gave Plaintiff ample notice of the deficiency.

        Plaintiff alleges that service was proper because he served Defendants via certified mail. However, this is clearly insufficient under Rule 4. Accordingly, this Court now finds that Plaintiff lacks good cause for his failure to effect service and the complaint will be dismissed pursuant to Rule 4(m).

**IV.**      **Conclusion**

        The Court grants Defendants motion to dismiss the complaint.


Dated: 7/17/2007                s/Robert B. Kugler
                                      ROBERT B. KUGLER
                                      United States District Judge